### McCORMICK v. McCAFFREY.

(Supreme Court, Appellate Term. October 1, 1900.)

BROKERS—COMMISSIONS—VALUE OF PROPERTY—EVIDENCE—JUDGMENT.

 A judgment for brokerage, measured on the value of the property at the time of sale on the exchange, was not sustained, where there was no proof of positive nature showing such value.

Appeal from municipal court, borough of Manhattan.

Action by Stephen McCormick against Catherine McCaffrey. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GOR-MAN, JJ.

Thomas O'Callaghan, Jr., for appellant.

Leventritt & Brennan (Samuel Goldman, of counsel), for respondent.

PER CURIAM. The evidence presented upon the trial below still fails to cure the omission which led to the reversal of this case by a former appellate term. 25 Misc. Rep. 786, 55 N. Y. Supp. 574. Upon that appeal the case was reversed because the price at which the property was taken on the exchange, and upon which amount was based the plaintiff's claim for brokerage, did not clearly appear in the record. Here the evidence as to the value of the property at the time of exchange, in the procurement of which exchange the plaintiff claims to have been an important factor, is equally vague; the return failing to present any proof of a positive nature tending to establish this value with sufficient definiteness to afford a basis for the computation of the plaintiff's commissions. A careful examination of the record leads us to the opinion that, upon the evidence contained therein, the judgment rendered was founded mainly upon assumption; the evidence being insufficient to warrant the conclusion arrived at.

The judgment should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event.